5. Samuel Di Falco, S.
The will of the testatrix directs that her executor provide for the perpetual care of a cemetery plot which is described in the will as “ my family cemetery plot (known as Section 2, Block 13, Lot T) ixx New Montefiore Cemetery ”. At the date of her death the testatrix was the owner of two cemetery plots, one of which consisted of 24 graves and was located in section 2, block 13 of the cemetery named in the will. The other plot owned by the testatrix was in a different part of this cemeteiy and does not meet the description given in the will. There has been no interment in either of these plots.
Question as to the applicability of the testamentary provision for perpetual care arises because the testatrix was interred in a plot which had been owned by her predeceased husband and where he and his daughter are interred. This plot is in section 2, block 13 of the cemetery referred to in the will but neither this plot nor the plot in section 2, block 13 in the testatrix’ name either constituted or contained Lot T and the reference in the will to Lot T is inexplicable.
The undisputed facts in the petition and account herein are that the testatrix had paid annual charges for the care of the plot where her husband was interred, that she had discussed the perpetual care of that plot with the cemetery authorities and that there is every indication that she regarded this plot as her ‘ ‘ family cemetery plot ’ ’. Such designation was not inappropriate in view of the rights granted by law to the testatrix in respect of any plot owned by her husband (Membership Corporations Law, § 84; Religious Corporations Law, § 8; General Municipal Law, § 163) and it is concluded that testatrix intended by her will to provide perpetual care of the plot where her husband was interred.
The amount to be expended for perpetual care is to be determined by the executor pursuant to the express authority granted in the will axxd not by this court. In view of the lack of opposi *162 tion to the proposed expenditure stated in the petition and citation herein, the decree to be made will authorize such payment.
The executor will be authorized to abandon the securities stated in the account to be worthless. The legacies bequeathed to infants are to be delivered to the duly appointed guardian, or guardians, of the property of such infants.
The fee of the attorneys for the executor will be fixed upon their submission of an affidavit of legal services, which may be done in conjunction with the settlement of a decree or prior thereto.
Submit decree on notice.